UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DONNA THOMAS, | No. 2:18-cv-02395-TLN-AC |
|---|---|
| Plaintiff, | |
| v. | AMENDED PRETRIAL SCHEDULING ORDER |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | |
| Defendant. | |

After reviewing the parties' Joint Statement, the Court makes the following Pretrial Scheduling Order.

I. SERVICE OF PROCESS

All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II. ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

III. JURISDICTION/VENUE

Jurisdiction is predicated upon 29 U.S.C. § 1001, *et seq.*. Jurisdiction and venue are not contested.

///

IV. DISCOVERY

This case is governed by ERISA, therefore, all evidence for trial will generally be limited to the administrative record. The Court will allow a limited period of additional discovery in order to assess whether a conflict of interest affected the decision making process.

All discovery shall be completed by **November 7, 2019.** In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall be been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this Court.

V. ADMINISTRATIVE RECORD

Defendants shall provide Plaintiff a copy of the entire administrative record within sixty **(60)** days of the date of this Pretrial Scheduling Order. The filing of the written administrative record shall be filed not later than **December 12, 2019.**

VI. MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard no later than **March 5, 2020.** All purely legal

issues are to be resolved by timely pretrial motions.  Local Rules 230 governs the calendaring and procedures of civil motions with the following additions:

(a) The opposition and reply must be filed by 4:00 p.m. on the day due; and

(b) When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day immediately preceding the legal holiday.

Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily. Further, failure to timely oppose a summary judgment motion[1] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

The Court places a page limit of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion.

///

---

[1] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

3

### VII. FINAL PRETRIAL CONFERENCE

The Court grants the parties' request to waive the Pretrial Conference.

### VIII. TRIAL

A bench proceeding is set for **June 8, 2020** at **9:00 a.m**., for consideration of the parties' cross-motions for judgment under Federal Rule of Civil Procedure 52. Briefing of the motions shall be according to the Federal Rules of Civil Procedure, this Court's Local Rules and this Order. The parties estimate a court trial length of approximately **two hours**.

### IX. SETTLEMENT CONFERENCE

The Court may set a settlement conference if the parties so request. In the event an early settlement conference date is requested, the parties shall file said request jointly, in writing. The request must state whether the parties waive disqualification, pursuant to Local Rule 270(b), before a settlement judge can be assigned to the case. Absent the parties' affirmatively requesting that the assigned Judge or Magistrate Judge participate in the settlement conference AND waiver, pursuant to Local Rule 270(b), a settlement judge will be randomly assigned to the case.

///

///

///

X. VOLUNTARY DISPUTE RESOLUTION PROGRAM

Pursuant to Local Rule 271, parties may stipulate at any stage in the proceedings to refer the action, in whole or in part, to the Voluntary Dispute Resolution Program.

XI. MODIFICATION OF PRETRIAL SCHEDULING ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause**. Agreement by the parties pursuant to stipulation alone to modify the Pretrial Scheduling Order does not constitute good cause. Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

XII. OBJECTIONS TO PRETRIAL SCHEDULING ORDER

This Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within fourteen (14) *calendar* days of service of this Order.

IT IS SO ORDERED.

DATED: March 8, 2019

Troy L. Nunley
United States District Judge